ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| UNIQUE SECURITY SERVICES, INC.<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS DEL CENTRO DE RECAUDACIONES DE INGRESOS MUNICIPALES<br><br>Recurrida<br><br>BRIDGE SECURITY, INC.<br><br>Licitador Agraciado<br><br>WEST SECURITY SERVICES, INC.; SHERIFF SECURITY SERVICES, INC.; RANGER AMERICAN OF PR, INC.; NORTH EAST SECURITY, INC.<br><br>Otros Licitadores | KLRA202400552 | *Revisión Judicial* procedente de la Junta de Subastas del Centro de Recaudaciones de Ingresos Municipales<br><br>Subasta Núm.: 2024-002<br><br>Sobre: Impugnación de Subasta para Servicios de Seguridad para el CRIM |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de octubre de 2024.

Comparece Unique Security Services, Inc., (en adelante, Unique o recurrente), mediante un recurso de revisión judicial. Solicita la revocación de la *Resolución de Adjudicación 2 (Enmendada)* de la Subasta Núm. 2024-002, que versa sobre la Contratación de Servicios de Seguridad en el Edificio Central y Oficinas Regionales, según emitida por la Junta de Subastas del Centro de Recaudación de Ingresos Municipales. La determinación administrativa fue notificada por correo electrónico el 29 de julio de 2024.

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción, por prematuro.

Número Identificador

SEN2024_____

**I.**

El 18 de abril de 2024, la Junta de Subastas del Centro de Recaudación de Ingresos Municipales (en adelante, Junta de Subastas del CRIM) publicó el aviso de la Subasta Núm. 2024-002, para la Contratación de Servicios de Seguridad en el Edificio Central y Oficinas Regionales.[1] El 29 de julio de 2024, la Junta de Subastas del CRIM adjudicó la *buena pro* a favor de Bridge Security.[2]

Como cuestión de umbral, huelga aclarar que el CRIM es una "entidad municipal, independiente y separada de cualquier otra agencia o instrumentalidad del Gobierno de Puerto Rico". Art. 7.002 del Código Municipal, 21 LPRA sec. 7951. Empero, la misma disposición legal establece en lo pertinente que el CRIM "está sujeto a las disposiciones de la Ley 38-2017, según enmendada, conocida como 'Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico' ". *Id.*

Así, pues, en la *Resolución de Adjudicación 2 (Enmendada)*, la Junta de Subastas del CRIM consignó la siguiente advertencia:

.     .     .     .     .     .     .     .

**IV. IMPUGNACIÓN ADMINSTRATIVA Y REVISIÓN JUDICIAL**

Si alguno de los licitadores certificados no está conforme con la adjudicación de esta subasta podrá, dentro del <u>término de veinte (20) días consecutivos o calendarios</u> a partir del depósito en el correo federal notificando la adjudicación de la subasta, <u>solicitar reconsideración de dicha determinación ante el Director Ejecutivo del CRIM o su representante autorizado</u>. El Director Ejecutivo o su representante autorizado deberá considerarla dentro de los treinta (30) días de haberse presentado. Dicho término de treinta (30) días podrá extender [*sic*] una sola vez, por un término adicional de quince (15) días calendario. Si el Director Ejecutivo o su representante autorizado tomare alguna determinación con respecto a la solicitud de reconsideración, dentro de los treinta (30) días siguientes de haberse presentado, el t[é]rmino para radicar el recurso de revisión judicial

---

[1] Apéndice, pág. 1; véase, además, el pliego de especificaciones a las págs. 2-16.
[2] Apéndice, págs. 29-32.
Cabe señalar que, inicialmente, la Junta de Subastas del CRIM favoreció al licitador West Security Services, Inc. Unique no estuvo conteste y solicitó reconsideración. No obstante, conforme con el tracto subsiguiente, el organismo declaró académica la petición. Refiérase, al Apéndice, págs. 15-18; 19-28; 33-38.

comenzará a contarse a partir de la fecha en que se depositó en el correo federal copia de la notificación de la decisión del Director Ejecutivo, resolviendo la solicitud de reconsideración. Por otro lado, si el Director Ejecutivo o su representante autorizado dejare de tomar alguna acción con relación a la solicitud de reconsideración dentro de los treinta (30) días de haberse presentado, y no habiéndose extendido el término por quince (15) días adicionales, se entenderá que ésta ha sido rechazada de plano.

La parte adversamente afectada por la determinación o resolución final del Director Ejecutivo del CRIM o su representante autorizado podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones dentro de un término de veinte (20) días, contados a partir del archivo en autos de la copia de la notificación de la determinación o resolución final del Director Ejecutivo del CRIM o su representante autorizado.

En el caso de que se rechace de plano la solicitud de reconsideración por inacción del Director Ejecutivo o representante autorizado el término de veinte (20) días para la revisión judicial comenzará a partir de que haya transcurrido el plazo dispuesto por la Sección 3.19 de la Ley 38-2017, mediante la radicación de una solicitud de revisión ante el Tribunal de Apelaciones. Refiérase a las Secciones 3.19 y 4.2 de la Ley de 38 de junio de 2017, según enmendada, mejor conocida como Ley de Procedimiento Administrativo Uniforme del Gobiernos de Puerto Rico.

La mera presentación de una solicitud de revisión al amparo de esta Sección no tendrá el efecto de paralizar la adjudicación de la subasta impugnada. (Énfasis en el original y subrayado nuestro).

Insatisfecho, el 19 de agosto de 2024, el recurrente instó un escrito intitulado *Solicitud de Reconsideración de [la] 2da. [sic] Adjudicación [de la] Subasta Núm. 2024-002 (Servicios de Seguridad)* ante el Director Ejecutivo del CRIM.[3] En torno al escrito, el funcionario del CRIM no realizó pronunciamiento alguno.

Así las cosas, el 7 de octubre de 2024, Unique compareció ante este foro judicial revisor con el recurso del título. En éste, señaló la comisión de los siguientes errores:

**PRIMER ERROR:** ERRÓ LA JUNTA DE SUBASTAS DEL CRIM AL NO ADJUDICAR LA SUBASTA A FAVOR DE UNIQUE, TODA VEZ QUE FUE EL ÚNICO PROPONENTE QUE CUMPLIÓ CON LA ESPECIFICACIÓN MEDULAR DE SOMETER UN

---

[3] Apéndice, págs. 39-62. Unique omitió presentar copia de su propuesta y las de los demás licitadores, incluyendo el agraciado.

PRECIO ÚNICO NO CONDICIONADO, POR LO QUE PROCEDE DESCALIFICAR A TODOS LOS DEMÁS PROPONENTES Y ADJUDICAR LA SUBASTA A SU FAVOR.

**SEGUNDO ERROR:** ERRÓ LA JUNTA DE SUBASTAS DEL CRIM AL NO ADJUDICAR LA SUBASTA A FAVOR DE UNIQUE, DEBIDO A QUE, AÚN SI DE ALGUNA MANERA PUDIESE VÁLIDAMENTE OBVIAR LA ESPECIFICACIÓN QUE REQUIERE DESCARTAR DE PLANO LAS OFERTAS QUE CONTENGAN MÁS DE UN PRECIO, UNIQUE FUE POR MUCHO EL MEJOR POSTOR.

**TERCER ERROR:** ERRÓ LA JUNTA DE SUBASTAS DEL CRIM AL DESCALIFICAR A UNIQUE DE LA SUBASTA POR ALEGADA EXPERIENCIA PREVIA EN LA EJECUCIÓN DE SU CONTRATO CON EL CRIM PARA EL AÑO 2023-2024, PUES ESTA CARECE DE FUNDAMENTO JURÍDICO SUFICIENTE, SUPONE UNA VIOLACIÓN CRASA DE PRINCIPIOS FUNDAMENTALES DE DEBIDO PROCESO DE LEY Y, EN ÚLTIMA INSTANCIA, NO SE AJUSTA A LA REALIDAD.

Acordamos eximir a la parte recurrida de presentar su alegato en oposición, en armonía con la Regla 7 (B) (5) de nuestro Reglamento. Como se conoce, la norma provee para que este Tribunal de Apelaciones prescinda de "términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos", ello "con el propósito de lograr su más justo y eficiente despacho". 4 LPRA Ap. XXII-B, R. 7 (B) (5).

**II.**

**A.**

La Sección 7 del Artículo II de la Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico y las Enmiendas Quinta y Decimocuarta de la Carta de Derechos de la Constitución de los Estados Unidos de América garantizan el debido proceso de ley. Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1; Emdas. V y XIV, Const. EE. UU., LPRA, Tomo 1. Nuestro Tribunal Supremo ha afirmado que el debido proceso de ley es un derecho fundamental que "encarna la esencia de nuestro sistema de justicia". *López y otros v. Asoc. de Taxis de Cayey*, 142 DPR 109, 113 (1996). "Su prédica comprend[e] los elevados principios y valores que reflejan

nuestra vida en sociedad y el grado de civilización alcanzado". *Amy v. Adm. Deporte Hípico*, 116 DPR 414, 420 (1985).

En esencia, el debido proceso de ley se refiere al "derecho de toda persona a tener un proceso justo y con todas las debidas garantías que ofrece la ley, tanto en el ámbito judicial como en el administrativo*". Aut. Puertos v. HEO*, 186 DPR 417, 428 (2012), que cita con aprobación a *Marrero Caratini v. Rodríguez Rodríguez*, 138 DPR 215, 220 (1995). Es decir, el concepto *debido proceso de ley* tiene dos vertientes: la sustantiva, que busca proteger y salvaguardar los derechos fundamentales de las personas; y la procesal, que obliga al Estado a garantizar que la interferencia en los intereses de libertad y propiedad del individuo se haga mediante un proceso justo e imparcial. *PVH Motor v. ASG*, 209 DPR 122, 130 (2022). Dado que las agencias administrativas ejercen una función adjudicativa, éstas deben ceñirse a las garantías mínimas del debido proceso de ley. *Id.*, pág. 131.

En lo atinente al caso de autos y en consonancia con los principios antes esbozados, la Ley Núm. 38 de 30 de junio de 2017, *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9601 *et seq.* (LPAUG), en su Sección 3.19, *Procesos de Licitación Pública; Procedimiento y término para solicitar revisión administrativa en la adjudicación de procesos de licitación pública*, vigente a la fecha de la notificación de la Subasta 2024-002, disponía como sigue:[4]

> Los procesos de licitación pública se celebrarán de conformidad a las secs. 9831 *et seq.* de este título,[5] salvo los procesos de licitación pública municipal que se realizarán de conformidad a las secs. 7001 *et seq.* del

---

[4] Se cita la enmienda a la Sección 3.19 de la LPAUG estatuida en la Ley Núm. 48 de 19 de febrero de 2024, por ser ésta la letra vigente al tiempo en que la Junta de Subastas del CRIM notificó la adjudicación de la Subasta 2024-002. Aclaramos, sin embargo, que la aludida disposición legal fue objeto de otra enmienda por virtud de la Ley Núm. 153 de 12 de agosto de 2024 (Ley Núm. 153-2024).

[5] En referencia a la Ley Núm. 73 de 19 de julio de 2019, según enmendada, *Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico de 2019*, 3 LPRA sec. 9831 *et seq.* (Ley Núm. 73-2019).

Título 21.[6] Las agencias administrativas bajo la definición de entidades exentas para fines de las secs. 9831 *et seq.* de este título,[7] vendrán obligadas a adoptar los métodos de licitación y compras excepcionales y a seguir los procedimientos establecidos en las secs. 9831 *et seq.* de este título, al momento de realizar sus compras y subastas de bienes, obras y servicios no profesionales. Las entidades exentas de las secs. 9831 *et seq.* de este título, deberán además cumplir con los términos y procesos que se establecen en este capítulo y en las secs. 9831 *et seq.* de este título.

La parte adversamente afectada por una determinación en un proceso de licitación pública podrá presentar una **solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales dentro del término de diez (10) días** laborables,[8] **contados a partir del depósito en el correo federal o la notificación por correo electrónico, lo que ocurra primero, de la adjudicación del proceso de licitación pública**. La Junta Revisora de Subastas de la Administración de Servicios Generales deberá **determinar si acoge o no la solicitud de revisión administrativa, dentro del término de diez (10) días** laborables[9] **de haberse presentado la solicitud de revisión administrativa**. Si dentro de ese término, la Junta Revisora de la Administración de Servicios Generales determina acoger la misma, tendrá un término de treinta (30) días calendario adicionales para adjudicarla, contados a partir del vencimiento de los diez (10) días laborables[10] que tenía para determinar si la acogía o no. La Junta Revisora de la Administración de Servicios Generales podrá extender el término de treinta (30) días calendario, una sola vez, por un término adicional de quince (15) días laborables.[11]

Si se tomare alguna determinación en la revisión administrativa, el término para instar el recurso de revisión judicial ante el Tribunal de Apelaciones comenzará a contarse desde la fecha en que se depositó en el correo federal o se notificó por correo electrónico, lo que ocurra primero, copia de la notificación de la decisión de la Junta Revisora de Subastas de la Administración de Servicios Generales adjudicando la solicitud de revisión administrativa. Si la Junta Revisora de Subastas de la Administración de Servicios Generales dejare de tomar alguna acción con relación al recurso de revisión administrativa, dentro de los términos dispuestos en esta Ley, se entenderá que este ha sido rechazado de plano, y a partir de esa fecha comenzará a decursar el término para presentar el recurso de revisión judicial. **La presentación del**

---

[6] En referencia a la Ley Núm. 107 de 13 de agosto de 2020, según enmendada, *Código Municipal de Puerto Rico,* 21 LPRA sec. 7001 *et seq.*

[7] Véase, el Inciso (p) del Artículo 4 *Definiciones* de la Ley Núm. 73-2019, 3 LPRA sec. 9831c (p).

[8]  Enmendado a diez (10) días calendario por la Ley Núm. 153-2024.

[9]  Enmendado a diez (10) días calendario por la Ley Núm. 153-2024.

[10]  Enmendado a diez (10) días calendario por la Ley Núm. 153-2024.

[11]  Enmendado a quince (15) días calendario por la Ley Núm. 153-2024.

**recurso de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales será un requisito jurisdiccional antes de presentar un recurso de revisión judicial ante el Tribunal de Apelaciones.**

La parte adversamente afectada tendrá un término jurisdiccional de treinta (30) días[12] calendario para presentar un recurso de revisión judicial ante el Tribunal de Apelaciones, contados a partir del depósito en el correo federal o de remitida la determinación por correo electrónico, lo que ocurra primero, ya sea de la adjudicación de la solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales, o cuando venza el término que tenía la Junta Revisora de Subastas de la Administración de Servicios Generales para determinar si acogía o no la solicitud de revisión administrativa.

La notificación de la adjudicación del proceso de licitación pública deberá incluir las garantías procesales establecidas en las secs. 9831 *et seq.* de este título, relativas a los fundamentos para la adjudicación y el derecho y los términos para solicitar reconsideración y revisión judicial.

Las agencias administrativas, entidades apelativas, la Junta de Subastas de la Administración de Servicios Generales y la Junta Revisora de Subastas de la Administración de Servicios Generales tendrán que emitir sus notificaciones de manera simultánea y utilizando el mismo método de notificación para todas las partes. En aquellos casos en que se haya utilizado más de un método de notificación para todas las partes, el término para presentar el recurso de revisión administrativa o de revisión judicial comenzará a decursar a partir de la notificación o del depósito en el correo del primer método de notificación. (Énfasis nuestro). 3 LPRA sec. 9659.

Por su parte, la Sección 4.2 de la LPAUG, que gobierna el término para acudir en revisión judicial ante esta curia, establece en parte:

.     .     .     .     .     .     .     .

**En los casos de impugnación de procesos de licitación pública, la parte adversamente afectada por una orden o resolución final de la Junta Revisora de Subastas de la Administración de Servicios Generales podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones dentro de un término de veinte (20) días calendario contados a partir del archivo en autos de la copia de la notificación de la orden o resolución final de la Junta Revisora de Subastas de la Administración de**

---

[12] Enmendado a veinte (20) días calendario por la Ley Núm. 153-2024, en consonancia con la Sección 4.2 de la LPAUG, 3 LPRA sec. 9672.

**Servicios Generales o dentro del término de veinte (20) días calendario de haber transcurrido el plazo dispuesto por la sec. 9659 de este título**. La mera presentación de una solicitud de revisión al amparo de esta Sección no tendrá el efecto de paralizar la adjudicación del proceso de licitación pública impugnado. (Énfasis nuestro). 3 LPRA sec. 9672.

.     .     .     .     .     .     .     .     .

**B.**

Es norma reiterada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, ya que no tenemos discreción para asumirla si no la hay. Por ello, las cuestiones relativas a la jurisdicción son privilegiadas y, como tal, deben atenderse y resolverse con preferencia y prontitud. La falta de jurisdicción no es susceptible de ser subsanada. Una sentencia dictada sin jurisdicción es nula en Derecho y, por lo tanto, inexistente. En consecuencia, una vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la inmediata desestimación del recurso apelativo de conformidad con lo ordenado por las leyes y los reglamentos. *S.L.G Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882-883 (2007); *Torres Alvarado v. Madera Atiles*, *supra*, págs. 499-500; además, *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *Suffront v. A.A.A.*, 164 DPR 663, 674 (2005).

El Tribunal Supremo de Puerto Rico ha afirmado que **un recurso prematuro al igual que uno tardío,** "**adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre**". (Énfasis nuestro). *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). De modo, que "su presentación carece de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación no ha habido autoridad judicial o administrativa para acogerlo [...]". *Juliá v. Epifanio Vidal, S.E.,* 153 DPR 357, 367 (2001); *Rodríguez Díaz v. Segarra*, 150 DPR 649, 654 (2000). Al respecto, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones,

4 LPRA Ap. XXII-B, autoriza a este foro intermedio a desestimar un recurso apelativo, bajo el fundamento de falta de jurisdicción, estatuido en el inciso (B) (1) de la misma norma procesal.

**III.**

En la presente causa, el examen de las advertencias consignadas en la *Resolución de Adjudicación 2 (Enmendada)* de la Subasta Núm. 2024-002 aquí recurrida devela un craso incumplimiento del requisito de notificación que mandata la LPAUG, en los casos de adjudicación de subastas. Nótese que, en este caso, tanto el aviso de subasta como su adjudicación transcurrieron cuando ya estaban en pleno vigor las modificaciones que la Ley Núm. 48 de 19 de febrero de 2024 (Ley Núm. 48-2024) hizo a la LPAUG. Si bien la Sección 3.19 de la LPAUG, *supra*, había sido sustituida mediante la Ley Núm. 110 de 22 de diciembre de 2022, la Ley Núm. 48-2024, a su vez, enmendó sustancialmente la aludida disposición legal, en los casos de impugnación de una adjudicación en un proceso de licitación pública. El ordenamiento jurídico así estatuido, —sumado a otra importante y reciente enmienda por virtud de la Ley Núm. 153 de 12 de agosto de 2024—[13] distinto a lo

---

[13] Luego de la Ley Núm. 153-2024, que enmendó la Sección 3.19 de la LPAUG, al presente dicha disposición legal reza como sigue en el estatuto aprobado:

**Sección 3.19.** *Procesos de Licitación Pública; Procedimiento y término para solicitar revisión administrativa en la adjudicación de procesos de licitación pública.*

Los procesos de licitación pública se celebrarán de conformidad a la Ley 73-2019, según enmendada, salvo los procesos de licitación pública municipal que se realizarán de conformidad a la Ley 107-2020, según enmendada. Las agencias administrativas bajo la definición de Entidades Exentas para fines de la Ley 73-2019, vendrán obligadas a adoptar los métodos de licitación y compras excepcionales y a seguir los procedimientos establecidos en la Ley 73-2019, al momento de realizar sus compras y subastas de bienes, obras y servicios no profesionales. Las Entidades Exentas de la Ley 73-2019, deberán además cumplir con los términos y procesos que se establecen en esta Ley y en la Ley 73-2019.

La parte adversamente afectada por una determinación en un proceso de licitación pública podrá presentar una solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales dentro del término de diez (10) días calendario, contados a partir del depósito en el correo federal o la notificación por correo electrónico, lo que ocurra primero, de la adjudicación del proceso de licitación pública. **La Junta Revisora de Subastas de la Administración de Servicios Generales deberá determinar si acoge o no la solicitud de revisión administrativa, dentro del término de diez (10) días calendario de haberse presentado la solicitud de revisión administrativa**. Si dentro de ese término, la Junta Revisora de la

expresado en la decisión administrativa recurrida, establece otro organismo revisor diferente al Director Ejecutivo del CRIM: la Junta Revisora de Subastas de la Administración de Servicios Generales; donde la parte adversamente afectada debe instar la solicitud de revisión administrativa (antes denominada reconsideración). **La presentación de la solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales constituye un requisito jurisdiccional previo a la presentación del recurso de revisión judicial ante este foro judicial**. Asimismo, la notificación de la Junta de Subastas del CRIM

---

Administración de Servicios Generales determina acoger la misma, **tendrá un término de treinta (30) días calendario adicionales para adjudicarla, contados a partir del vencimiento de los diez (10) días calendario que tenía para determinar si la acogía o no**. La Junta Revisora de la Administración de Servicios Generales **podrá extender el término de treinta (30) días calendario, una sola vez, por un término adicional de quince (15) días calendario**.

Si se tomare alguna determinación en la revisión administrativa, **el término para instar el recurso de revisión judicial ante el Tribunal de Apelaciones comenzará a contarse desde la fecha en que se depositó en el correo federal o se notificó por correo electrónico, lo que ocurra primero, copia de la notificación de la decisión de la Junta Revisora de Subastas de la Administración de Servicios Generales adjudicando la solicitud de revisión administrativa**. Si la Junta Revisora de Subastas de la Administración de Servicios Generales dejare de tomar alguna acción con relación al recurso de revisión administrativa, dentro de los términos dispuestos en esta Ley, se entenderá que este ha sido rechazado de plano, y a partir de esa fecha comenzará a decursar el término para presentar el recurso de revisión judicial. La presentación del recurso de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales será un **requisito jurisdiccional** antes de presentar un recurso de revisión judicial ante el Tribunal de Apelaciones.

La parte adversamente afectada tendrá un término jurisdiccional de **veinte (20) días calendario** para presentar un recurso de revisión judicial ante el Tribunal de Apelaciones, **contados a partir del depósito en el correo federal o de remitida la determinación por correo electrónico, lo que ocurra primero, ya sea de la adjudicación de la solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales, o cuando venza el término que tenía la Junta Revisora de Subastas de la Administración de Servicios Generales para determinar si acogía o no la solicitud de revisión administrativa**.

La notificación de la adjudicación del proceso de licitación pública deberá incluir las garantías procesales establecidas en la Ley 73-2019 relativas a los fundamentos para la adjudicación y el derecho y los términos para solicitar revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales y revisión judicial.

Las agencias administrativas, entidades apelativas, la Junta de Subastas de la Administración de Servicios Generales y la Junta Revisora de Subastas de la Administración de Servicios Generales tendrán que emitir sus notificaciones de manera simultánea y utilizando el mismo método de notificación para todas las partes. En aquellos casos en que se haya utilizado más de un método de notificación para todas las partes, el término para presentar el recurso de revisión administrativa o de revisión judicial comenzará a decursar a partir de la notificación o del depósito en el correo del primer método de notificación. (Énfasis nuestro).

falló en advertir al recurrente sobre los plazos para ejercer su derecho a impugnar el resultado de la Subasta 2024-002, mediante el proceso de revisión administrativa. En lugar de 10 días, la Junta de Subastas del CRIM instruyó a Unique a presentar una solicitud de reconsideración en un plazo de 20 días.

Como se conoce, el derecho a cuestionar la adjudicación de una subasta mediante el proceso de revisión administrativa y de revisión judicial es parte del debido proceso de ley. Por tal razón, es indispensable que la notificación de la adjudicación de la subasta a todos los licitadores sea adecuada. Ésta debe advertir la fecha del archivo en autos de la copia de la notificación, el derecho de las partes a procurar la revisión administrativa y la revisión judicial, así como los foros revisores y términos disponibles para hacerlo. *PVH Motor v. ASG, supra,* pág. 132. "Sólo a partir de la notificación así requerida es que comenzará a transcurrir el término para acudir en revisión judicial". *IM Winner, Inc. v. Mun. de Guayanilla,* 151 DPR 30, 38 (2000).

A la luz de lo anterior, es forzoso colegir que la notificación realizada por la Junta de Subastas del CRIM en su *Resolución* es defectuosa y contraria al estatuto uniformador que la obliga. Ello así, se infringió el debido proceso de ley del recurrente y, a la vez, nos privó de jurisdicción para entender en sus méritos los asuntos planteados por Unique. *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 538 (2019). Por consiguiente, de conformidad con la normativa previamente expuesta y en observancia al debido proceso de ley, concluimos que el recurso presentado por Unique es prematuro, por lo que la Junta de Subastas del CRIM está compelida a notificar adecuadamente a todos los licitadores.

## IV.

Por los fundamentos expresados, se desestima el recurso de revisión judicial por falta de jurisdicción, por prematuro. En

consecuencia, corresponde devolver el caso ante la Junta de Subastas del Centro de Recaudación de Ingresos Municipales para que notifique su determinación conforme con los parámetros legales aquí expuestos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones